**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURMUKH SINGH,<br><br>                 Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                 Respondent. | No.   13-72892<br><br>Agency No. A077-432-044<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Gurmukh Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen, and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, including claims of due process violations due to ineffective assistance. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen based on ineffective assistance of counsel, where Singh failed to establish prejudice resulting from his prior attorney's alleged ineffective assistance. *See id.* at 793-94 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's performance may have affected the outcome of the proceedings).

We lack jurisdiction to consider Singh's unexhausted contention regarding his wife's asylum status. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We do not reach Singh's remaining contentions regarding equitable tolling, the alleged ineffectiveness of prior counsel, and his compliance with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**